REQUESTED BY: Senator Richard Peterson Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Peterson:
In considering possible new legislation to regulate physicians' assistants you have asked whether the supervising physician must be physically present in several situations when the physician's assistant renders medical services: (1) in a hospital, with the approval of the governing board of such hospital, where the physician to whom he is assigned is a member of the staff, (2) on calls outside the physician's primary practice site on the direct order of the physician or (3) in the physician's primary place of practice if the supervising physician is temporarily absent from such place.
Each of these locations is listed in Neb.Rev.Stat. 71-1, 107.17(1), (3) or (4) (Reissue 1981) as a place where a physician's assistant may perform the medical services for which he is certified `under the supervision of a licensed physician or group of physicians approved by the board.' `Supervision' is defined in Neb.Rev.Stat. § 71-1,107.16(5) (Reissue 1981), except in cases of emergency, to `require the easy availability or physical presence of the licensed physician for consultation and direction of the actions of the physician's assistant.' (Emphasis added.)
Thus the physical presence of the supervising physician is not required in any of the locations about which you inquireif such physician is easily available for consultation and direction of the actions of the physician's assistant. However, the supervising physician cannot be physically remote as we discussed in our letter to Dr. Gregg Wright, dated January 31, 1984. If an emergency occurs in such location when the supervising physician is temporarily absent, even such easy availability for consultation and direction is not required.
Very truly yours, PAUL L. DOUGLAS Attorney General Marilyn B. Hutchinson Assistant Attorney General